### C. F. STAMBACH V. EDITH K. FOX.

FORECLOSURE—EFFECT OF MORTGAGE—CONVEYANCE OF WHOLE TITLE.

A mortgage to T., " his heirs and assigns forever," was treated by him subse-quent to the death of F. as belonging to the estate of F., of which he had been appointed administrator. A second mortgage, afterward substituted for the first, was made to T., administrator of F., " his successor and assigns forever," etc., the word " heirs " not being used in connection with the grantee or mort-gagee in any of the clauses of conveyance or warranty. At a still later date the mortgagor conveyed the mortgaged property to the present defendant in fee. In a suit to foreclose the second mortgage, the court having found from the evidence that there was a valid consideration.

*Held:* That the mortgage was not simply to T., for his lifetime, or that of a suc-cessor in trust, but that it operated as a conveyance of the whole title of the mortgagor to the land mortgaged.

APPEAL from the Common Pleas.

SMITH, J.

On the evidence submitted in this case we think the plaintiff is entitled to the relief sought. We have no question but that the original mortgage, executed by George Fox and Eliza J. Fox, then his wife, on May 31, 1881, to Joseph D. Taylor to secure three notes of that date— one for $2,000, and the other two for $10,000 each—all payable to said Taylor was founded on a good and valuable consideration, viz.; that the separate property of the wife was to be used in paying the debts of the starch company for which the husband was liable, and that a very large amount of her property was in fact used for that purpose at the instance and request of her husband. The mortgage and notes so made to Tay-lor were in effect to him as trustee for his wife. The $2,000 note was turned over to his (Fox's) attorneys for services, and the two notes for $10,000 each were intended to secure Mrs. Fox for the advances subse-quently made from her estate and property for the purpose aforesaid. During her life these two notes were turned over and assigned by Taylor to Mrs. Fox, and some part of the mortgaged property having been sold, various payments out of the purchase money received were made to her.

On the death of Mrs. Fox, the two notes were, with the knowledge and consent of George Fox, treated as the property of her estate, and were inventoried as such by Mr. Taylor, who had been appointed admin-

istrator of her estate   After this, on February 18, 1887, in view of the fact that payments had been made to Mrs. Fox on these notes, and it appearing to be conceded by all parties in interest that one of the notes for $10,000 was still unpaid, Geo. Fox executed a new mortgage (the one sued on in this case) to Mr. Taylor, as the administrator of the estate of his deceased wife, to secure the payment of one of the $10,000 notes, and the old mortgage was released and canceled, the mortgagor thus again acknowledging the justice and validity of so much of the original claim, and that it was due and unpaid. After this Taylor indorsed the note and the last mortgage to the three children of Mrs. Fox, of whom the plaintiff was one, and the other two afterwards transferred their interests therein to the plaintiff who now owns the whole thereof.

After the death of Mrs. Eliza J. Fox, and after those transactions, viz., on March 14, 1895, George Fox who had married the defendant, Edith K. Fox, executed to her a deed for the property covered by this last mortgage and for other real estate described in the said deed. It was an ordinary deed in fee simple, with covenants of general warranty, except that immediately following the covenants in this statement : " Lots 555 and 556 of Van Horn's subdivision of William Baker's estate are subject to a mortgage recorded in Mortgage Book 612, page 135, to Thos. J. Emery and John J. Emery, and said lots 16, 17, 18, 22 and the south thirteen feet off of lot 21 are subject to a mortgage made by said George Fox to Joseph D. Taylor, administrator of Eliza J. Fox, deceased, recorded in Mortgage Book 525, page 259, which mortgage has been assigned by said Joseph D. Talyor, administrator, to Annie Fox, Taylor, C. F. Stambach and Edna B. Fox, and such grantor expressly agrees to pay off and remove all of said encumbrances from all of said real estate."

It is the claim of the plaintiff that this statement and recital in the deed under which Mrs. Edith K. Fox holds her title to the property mortgaged to Taylor, administrator, by George Fox, estops her from denying the validity of the mortgage sued on, as it is an express recognition of the validity thereof, and that, claiming under the deed which contains this recognition of the mortgage, she took her title subject thereto, and can not now legally claim that there was no consideration therefor or that the mortgage is in any way defective.

With the view we have taken of this case we think it is not necessary that we should express an opinion as to this. We have found that there was a good, sufficient and valuable consideration for both of the mortgages given to Taylor by Mr. Fox, and we are further of the opinion that the mortgage given to Taylor as administrator, being the one sued on in this case, is not to be held as simply a mortgage to Taylor for his lifetime, or that of a successor in the trust, but that it operated as a conveyance by way of mortgage of the whole title of Fox to the land mortgaged.

The facts as to this mortgage are these: The first one was to Taylor, his heirs and assigns forever, and was clearly a mortgage of the whole estate. The second (the one sued on) granted, bargained, sold and conveyed the premises "to the said Joseph D. Taylor, administrator as aforesaid, his successor and assigns forever." It had previously described him as " administrator of the estate of Eliza J. Fox, deceased," and it conveyed " all the estate, title and interest of the said George Fox, either in law or in equity of, in and to the said premises; together with all the privileges and appurtenances to the same belonging, and all the rents, issues and profits thereof; to have and to hold the same to the

only proper use of the said administrator, his successors and assigns forever." Then follow the covenant, seizen and general warranty (except a mortgage to H. W. Taylor), made with said "Joseph D. Taylor, administrator as aforesaid, his successors and assigns;" and after this the defeasance clause in the ordinary form.

It will be noticed that in all of these clauses of conveyance or warranty the word "heirs" is not used in connection with the grantee or mortgagee. The grant is to him as administrator, and to "his successors and assigns forever." And for this reason it is claimed by the counsel for the defendant, Mrs. Fox, that a fee simple title was not mortgaged.

In view of the holdings of the Supreme Court of this state in the cases of Brown v. Bank, 44 O. S., 269, and Bank v. Johnson, 47 O. S., 306, we are of the opinion that this claim is not well founded. In the first of the two cases cited, the court hold—

"1. By a well established general rule the use of the word 'heirs,' or other appropriate words of perpetuity, in a mortgage or other deed of conveyance of lands, is essential to pass a fee simple estate; but this is not an inflexible rule, admitting of no exception or qualification.

"2. Where the language employed in, and the recitals and conditions of a mortgage plainly evidence an intention to pass the entire estate of the mortgagor as security for the mortgage debt, and the express provisions of the instrument cannot be otherwise carried into effect, it will be construed to pass such estate as though the word heirs, or other formal word of perpetuity, is not employed."

In the case at bar we think this intention to pass the entire estate of the mortgagor as security for the mortgage debt appears as clearly as it did in the Brown case, and that the express provisions of the instrument cannot otherwise be carried into effect, unless this intention is carried out, and therefore it must be held to have conveyed all of the estate of the mortgagor.

In Bank v. Johnson, *supra*, where an action was brought to foreclose a mortgage given to a partnership under its firm name, "The New Vienna Bank," and where the conveyance was "to the said New Vienna Bank, its successors and assigns forever," without other words of limitation, it was held that "a mortgage upon real estate made by a partnership in its firm name to secure an indebtedness to it, duly executed and recorded as required by statute, constitutes a valid lien upon the property in favor of the firm, as a security for the indebtedness to it."

It is true that the court, in this case, did not allude to the question whether the mortgage deed conveyed the whole interest of the mortgagee therein for the security of the debt. It rather appears as if it was taken for granted that it did, as it is stated that such a mortgage constitutes a valid lien on the property for the security of the debt. But in the light of those cases, evidently modifying the stringent rule of the common law, we are of the opinion that in this case we should hold that the whole estate of the mortgagor passed to the mortgagee and his assigns for the security of this debt.

*Maxwell & Ramsey*, for the plaintiff.
*Harmon, Colston, Goldsmith & Hoadly*, contra.